**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 07-cv-00753-MSK-BNB

ALEXANDER L. TRUJILLO,
DAVID HENRICHSEN,
GILBERT LUCERO,
ALAN ROMAN,
COLBY DOOLITTLE,
OTTO KNOLLHOFF, and
MATT MARTIN, on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS,

Defendant.

---

### JOINT PROTECTIVE ORDER

---

This matter comes before the Court on the parties' Joint Motion for Entry of Protective Order. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

1.  This Protective Order shall apply to all documents, materials, and information, designated as "CONFIDENTIAL" by either party pursuant to this Protective Order, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

   2.  As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a).  A draft or non-identical copy is a separate document within the meaning of this term.

   3.  Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law and statutory privacy and/or confidentiality interests such as: (a) confidential personnel records of current or former employees; and (b) those Standing Operating Procedures of Defendant that involve confidential tactical strategies for law enforcement.[1]  CONFIDENTIAL information shall not be disclosed or used for any purpose except for the preparation and trial of this case.

   4.  CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed *except that* such information may be disclosed to:

  (a)  attorneys actively working on this case;

  (b)  persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

  (c)  the parties, including the designated representatives for Defendant;

  (d)  expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

  (e)  the Court and its employees ("Court Personnel");

---

[1] Notwithstanding this general description of confidential documents, the Parties shall still be required to affix or place the notice "CONFIDENTIAL" on all such documents a party intends to designate as confidential in the manner required by paragraphs 6 and 7 below.

    (f)       stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)       deponents, witnesses, or potential witnesses; and

    (h)       other persons by written agreement of the parties.

5. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel, and stenographic reporters), counsel shall provide such person with a copy of this Protective Order, and explain the individual's obligations under the Protective Order. For all persons other than counsel, persons employed by counsel, Court Personnel, stenographic reporters, and deponents (other than claimants in this lawsuit), counsel shall obtain from such persons a written acknowledgment stating that they have read this Protective Order and agree to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. Before any information is designated "CONFIDENTIAL," counsel of record for the designating party must first review the information and make a determination, in good faith, that the documents and/or information are confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c).

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject

to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

        9.       The acceptance by a party of CONFIDENTIAL materials shall not constitute an admission or concession or permit any inference that the CONFIDENTIAL materials are, in fact, confidential. This Joint Protective Order shall not foreclose a party from objecting to the designation of materials as CONFIDENTIAL ~~or from moving for an Order that any CONFIDENTIAL materials are not, in fact, confidential~~. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion, within thirty (30) days after the time the notice is received, requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as

CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. This Joint Protective Order shall not prohibit the use of CONFIDENTIAL material in depositions, pleadings or motions, or at trial, or in post-trial motions or proceedings, provided that all such uses be related to the prosecution or defense of this case. Nothing in this Joint Protective Order shall be construed as an agreement that any CONFIDENTIAL materials shall be withheld from or excluded from evidence in any proceeding in this case. Notwithstanding that CONFIDENTIAL documents may be used, this Joint Protective Order does not waive any right of any party to file a motion under D.C.COLO.LCivR 7.2 to seal all or a portion of papers and documents filed with the Court. In addition, the parties agree to comply with D.C.COLO.LCivR 7.3 regarding procedures for filing papers and documents under seal for any documents that are marked CONFIDENTIAL.

11. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents; provided, however, that counsel for each party may retain copies of the CONFIDENTIAL documents for the sole purpose of maintaining a complete file, and all such retained documents will not be released, disclosed, or utilized except upon express permission of this Court after written notice to counsel for the party that produced the documents. The provisions of this Joint Protective Order shall survive the conclusion of this litigation and continue to be binding upon all parties.

12.     This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated November 7, 2007.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

**AGREED AND APPROVED:**

| | |
|---|---|
| PATRICIA K. KELLY<br>City Attorney/Chief Legal Officer<br>Reg. No. 014408 | |
| By:*/s/ Stacy L. Gatto* | By: */s/ Steven W. Moore* |
| Stacy L. Gatto | Steven W. Moore |
| Office of the City Attorney | Baker Hostetler |
| P.O. Box 1575, Mail Code 510 | 303 East 17th Avenue, Suite 1100 |
| 30 South Nevada Avenue, Suite 501 | Denver, CO 80203-1264 |
| Colorado Springs, CO 80903-1575 | Telephone: (303) 764-4036 |
| Telephone: (719) 385-5909 | Fax: (303) 861-7805 |
| Fax: (719) 385-5535 | E-mail: smoore@bakerlaw.com |
| E-mail: sgatto@springsgov.com<br>Attorneys for Defendant, City of Colorado Springs | Attorney for Defendant, City of Colorado Springs |
| | |
| | |

SPARKS WILLSON BORGES
BRANDT & JOHNSON, P.C.


By: */s/ Scott W. Johnson*
Scott W. Johnson
Paul W. Hurcomb
Sparks Willson Borges Brandt & Johnson, P.C.
P.O. Box 1678 (80901)
24 South Weber, Suite 400
Colorado Springs, CO 80903
Telephone: (719) 475-0097
Fax: (719) 633-8477
E-mail: swjohns@sparkswillson.com
E-mail: pwhurcomb@sparkswillson.com
Attorneys for Plaintiffs, Alexander L. Trujillo, et al.