IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00753-MSK-BNB

ALEXANDER L. TRUJILLO,
DAVID HENRICHSEN,
GILBERT LUCERO,
ALAN ROMAN,
COLBY DOOLITTLE,
OTTO KNOLLHOFF, and
MATT MARTIN, on behalf of themselves and all others similarly situated,

      Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS,

      Defendant.

---

## ORDER DENYING MOTION TO DISMISS

---

THIS MATTER comes before the Court on the Defendant's Motion to Dismiss **(#19),** to which the Plaintiffs responded **(#23)** and the Defendant replied **(#29).** Having considered the same, the Court

**FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### II. Procedural Background

The Plaintiffs are employed by the Defendant as police officers for the City of Colorado Springs. The Plaintiffs allege that the Defendant has failed to pay them wages, including overtime compensation, for work they performed.

The Plaintiffs assert seven claims, three arising under federal law and four arising under Colorado law. Two of the federal law claims (Claims 1 and 2) arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207. In these two claims, the Plaintiffs allege that the Defendant violated the FLSA by failing to pay the Plaintiffs for off-the-clock work and by failing to provide compensatory time to the Plaintiffs at the statutory rate of 1 ½ hours for each hour of overtime. The third federal law claim (Claim 7) seeks a declaration that the Defendant violated the FLSA.

The remaining four claims are based upon the same facts as the federal claims, but are premised upon various state law theories. In Claim 3, the Plaintiffs allege that the Defendant breached contractual provisions set forth in the Defendant's Policies and Procedures and Standard Operating Procedures by failing to pay the Plaintiffs for their work. Claim 4 is a promissory estoppel claim, Claim 5 alleges an implied contract, and Claim 6 alleges unjust enrichment.

To the extent they assert claims under the FLSA, the Plaintiffs contend this is a collective action. To the extent they assert other claims, the Plaintiffs contend this is a class action. To date, the parties have not asked the Court to certify this action as either a collective or class action.

### III. Issue Presented

The Defendant moves to dismiss the four Colorado law claims pursuant to Fed. R. Civ. P. 12(b)(6). The issue presented is whether the Plaintiffs have failed to state a cognizable claim in Claims 3, 4, 5 or 6.

## IV. Standard of Review

Under Fed. R. Civ. P. 12(b)(6), a party may move to dismiss a claim for relief on the basis that it fails to state any claims upon which relief may be granted. There is a strong presumption against the dismissal of claims under this rule. *See Cottrell, Ltd. v. Biotrol Intern., Inc.,* 191 F.3d 1248, 1251 (10th Cir. 1999). The Court accepts all well-pleaded allegations in a complaint as true and construes them in the light most favorable to the plaintiff. *See Williams v. Meese,* 926 F.2d 994, 997 (10th Cir. 1991). A plaintiff is not required to include detailed factual allegations in a complaint, but a complaint must contain "more than labels and conclusions" and must consist of more than "a formulaic recitation of the cause of action[.]" *See Bell Atlantic Corp. v. Twombly*, _ U.S. _, 127 S. Ct. 1955, 1964-65 (2007). Rather, it must contain factual allegations which are "enough to raise a right to relief above the speculative level[.]" *Id.*

## V. Analysis

### A. Breach of Contract

To state a claim for breach of contract, a plaintiff must allege: (1) the existence of a contract; (2) performance by the plaintiff or a justification for nonperformance; (3) the defendant's failure to perform the contract; and (4) resulting damages. *See Western Distributing Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

The Defendant argues only that the Plaintiffs have failed to allege facts to support element 1. The Defendant contends that when a plaintiff alleges a breach of contract by a municipal corporation, the plaintiff must also allege, as part of element 1, that the contract has terms which are in conformity with the municipality's charter, code, and other municipal laws. For this proposition, it relies upon *Chellsen v. Pena*, 857 P.2d 472 (Colo. App. 1992).

The Plaintiffs respond that element 1 simply requires them to plead the existence of a contract, and that they have done this. They also assert that the burden will be on the Defendant to prove, as a defense, that the contract does not comply with the City Charter or Code.

In *Chellsen*, the plaintiffs alleged that the termination of their employment constituted a breach of contract. The Colorado Court of Appeals dismissed the breach of contract claim for failure to state a claim, because it conflicted with the City Charter, which provided that the plaintiffs were at-will employees. It then instructed that a municipal charter becomes part of any contract, and that a municipal corporation cannot be obligated on an alleged contract which is contrary to the charter's provisions. *Id.; see also Keeling v. City of Grand Junction,* 689 P.2d 679, 680 (Colo. App. 1984). Thus, *Chellsen* appears to authorize a court to consider a city's charter provisions when ruling on a motion to dismiss for failure to state a claim.

The Defendant is, in essence, asking this Court to determine that the alleged contract is facially invalid, therefore there can be no contract. However, determination of that issue would require this Court to consider all of the documents which purportedly make up the parties' contract, such as the Defendant's policies and procedures, all applicable provisions of the City Charter and Code, and possibly other contractual documents, most of which are not currently before this Court. Under *Chellsen*, it may well be that the Defendant's City Charter or Code prohibit the Defendant's policies and procedures from constituting a contract, or it may be that the alleged contractual terms conflict with provisions in the City Charter or Code. However, at this juncture, the Court cannot declare such a contract to be facially invalid based upon the current state of the record.

Here, the Plaintiffs allege that the Defendant's Policies and Procedures and Standard

Operating Procedures are part of their employment contracts. For pleading purposes, this is sufficient to satisfy element 1 of a breach of contract claim.

**B. Promissory Estoppel**

To state a claim for promissory estoppel, a plaintiff must allege: (1) the defendant made a promise to the plaintiff; (2) the defendant should have reasonably expected that the promise would induce action or forbearance by the plaintiff; (3) the plaintiff reasonably relied on the promise to his or her detriment; and (4) the promise must be enforced to prevent injustice. *See Struble v. American Family Ins. Co.,* 172 P.3d 950, 957 (Colo. App. 2007).

The Defendant argues that the Plaintiffs have alleged insufficient facts to support elements 1, 3 or 4. First, they contend that its personnel policies and procedures were not a promise. Second, they assert that the City Code disclaims that the policies and procedures could give rise to an express or implied contract, thus the policies and procedures were not a promise on which the Plaintiffs could reasonably rely. Finally, they contend that the Plaintiffs "have not demonstrated that the alleged promise must be enforced to prevent injustice." The Plaintiffs respond that they have pled facts to support each element of this claim.

In support of its arguments, the Defendant relies upon *Jaynes v. Centura Health Corp.*, 148 P.3d 241 (Colo. App. 2006), *Soderlun v. Pub. Serv. Co. of Colo.,* 944 P.2d 616 (Colo. App. 1997), *Young v. Dillon Cos.*, 468 F.3d 1243 (10th Cir. 2006), *George v. Ute Water Conservancy Dist.*, 950 P.2d 1195 (Colo. App. 1997), *Dept. of Transp. v. First Place, LLC,* 148 P.3d 261 (Colo. App. 2006), and *Chellsen*. Most of these cases either address summary judgment rulings or involve a ruling on the merits. None hold that, in determining a motion filed under Fed. R. Civ. P. 12(b)(6), the Court must look at municipal charters and codes to determine whether a plaintiff

has stated a claim for promissory estoppel against a municipality. Thus, this authority is not helpful in this context. In addition, as with the breach of contract claim, the Court cannot, on the record before it, rule as a matter of law that there was no promise upon which the Plaintiffs could reasonably rely.

In this claim, the Plaintiffs allege that the Defendant "should have reasonably expected Plaintiffs . . . to consider its Policies and Procedures and Standard Operating Procedures regarding payment for all work performed as a commitment to abide thereby", and that the Plaintiffs relied on those policies and procedures to their detriment. They also allege that "[i]njustice can only be avoided by enforcement of Defendant's commitment that its police officers be paid for all hours worked." This is sufficient to state a claim for promissory estoppel.

## C. Implied Contract

The only difference between an implied contract and an express contract is that an implied contract arises from the parties' conduct, and an express contract arises from written or oral words. *See Agritrack, Inc. v. DeJohn Housemoving, Inc.,* 25 P.3d 1187, 1192 (Colo. 2001). Otherwise, implied contracts are treated no differently from express contracts. *See Tuttle v. ANR Freight System, Inc.,* 797 P.2d 825, 829 (Colo. App. 1990). Therefore, to allege a claim for breach of an implied contract, a plaintiff must allege: (1) the existence of a contract; (2) performance by the plaintiff or a justification for nonperformance; (3) the defendant's failure to perform the contract; and (4) resulting damages. *See Diodosio*, 841 P.2d at 1058.

The Defendant contends that the Plaintiffs did not allege facts to establish element 1 of this claim. In particular, the Defendant contends that the Plaintiffs' allegations do not demonstrate that the Defendant intended to be bound to a contract. It also asserts that the Plaintiffs have not

6

alleged facts to establish that the implied contract is not contrary to the Defendant's Charter and Code.

The Plaintiffs respond that they have alleged sufficient facts to support the existence of an implied contract. They also assert that there is no requirement that they plead facts to demonstrate that the implied contract is not contrary to the Charter and Code.

As previously, the Defendant seeks to impose a pleading requirement on the Plaintiffs that simply does not exist. Here, the Plaintiffs allege that they provided services to the Defendant, and the Defendant accepted the services and expected to pay for them. This is sufficient to allege the existence of an implied contract. Whether such a contract would be invalid is a matter the Court cannot determine at this juncture based upon this record.

**D. Unjust Enrichment**

To state a claim for unjust enrichment, a plaintiff must allege: (1) the plaintiff conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted the benefit under such circumstances that it would be inequitable for the defendant to retain the benefit without paying for it. *See Bachrach v. Salzman,* 981 P.2d 219, 222 (Colo. App. 1999).

The Defendant argues only that the Plaintiffs have pled insufficient facts to support element 3. The Plaintiffs respond that they have.

In their Amended Complaint, the Plaintiffs allege that they conferred a benefit on the Defendant in the form of police services, that the Defendant accepted that benefit, and that it would be inequitable for the Defendant to retain that benefit without paying for it. This is sufficient to state a claim for unjust enrichment.

7

## VI. Conclusion

It is evident from the instant motion that the Defendant believes that its City Charter and Code preclude the Plaintiffs' state law claims. It is possible that this is the case, but its determination requires review of substantial documentation outside the pleadings. The record currently before the Court is not sufficiently complete to treat this motion as one brought under Fed. R. Civ. P. 56.

**IT IS THEREFORE ORDERED** that the Defendant's Motion to Dismiss **(#19)** is **DENIED**.

Dated this 22nd day of February, 2008

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
United States District Judge