IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 07-cv-00753-MSK-BNB

ALEXANDER L. TRUJILLO,
DAVID HENRICHSEN,
GILBERT LUCERO,
ALAN ROMAN,
COLBY DOOLITTLE,
OTTO KNOLLHOFF, and
MATT MARTIN, on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

THE CITY OF COLORADO SPRINGS,

        Defendant.

**ORDER CONDITIONALLY CERTIFYING SETTLEMENT
COLLECTIVE AND CLASS ACTION,
APPOINTING CLASS COUNSEL,
PRELIMINARILY APPROVING SETTLEMENT AGREEMENT,
APPROVING FORMS OF NOTICE AND NOTICE PLAN,
ESTABLISHING OBJECTION, EXCLUSION REQUEST, OPT-IN AND
CLAIM FORM FILING DEADLINES,
AND DIRECTING IMPLEMENTATION OF THE NOTICE PLAN**

The Court having considered Plaintiffs' Unopposed Motion for Conditional Certification of Settlement Collective and Class Action, Appointment of Class Counsel, Preliminary Approval of Settlement Agreement, and Approval of Notice Plan **(#83)**, and the Memorandum Brief in Support **(#83-9)** and being otherwise fully advised in the premises, finds and orders as follows:

        1.      This Court has been advised by counsel for the aforesaid Parties that the Settlement Agreement **(#83-2)** has been reached between the Plaintiffs as defined in the Settlement Agreement and the Defendant.

        2.      The proposed Settlement Class defined in the Settlement Agreement and restated below is appropriate for conditional certification as a collective action, for settlement purposes.

All the Federal statutory prerequisites, as well as due process, are satisfied by certification for settlement purposes. Specifically, the requirements of 29 U.S.C. §216(b) have been satisfied.

3. The proposed Settlement Class defined in the Settlement Agreement and restated below is appropriate for conditional certification as a class action, for settlement purposes. All of the Federal statutory prerequisites, as well as due process, are satisfied by certification for settlement purposes. Specifically, the requirements of Federal Rule of Civil Procedure 23, including numerosity, commonality, adequacy, predominance, and superiority are satisfied. Additionally, 29 U.S.C. § 216(b), requiring that the class is "similarly situated," is satisfied.

4. This Court has jurisdiction over the claims at issue in this Action.

5. The forms of class action Notice, and the Claim form, attached to the Settlement Agreement as Exhibits A and B, are constitutionally adequate, and are hereby approved, **subject to appropriate modifications to deadlines as set forth in this Order** and reasonable modifications that are recommended by the Notice and Claims Administrator for the purpose of effectuating the intent behind the Settlement Agreement, so long as they are mutually agreeable to the parties. The Notice contains all of the essential elements necessary to satisfy Federal statutory requirements and due process, including: the nature of the action; Class definition; the class claims, issues or defenses; the identities of the Parties and their counsel; the fact that a Class Member may appear through counsel; a summary of the terms of the proposed Settlement and of Class Counsel's intent to apply for fees; information regarding the manner in which objections may be submitted and requests for exclusion may be filed; and the binding effect of a class judgment on Class Members. The Notice also informs Class Members of the date and location of a final fairness hearing and of Claims filing deadlines and procedures. Notice by mail to the Class will be affected by a qualified Notice and Claims Administrator. Settlement Payments will be made by the Defendant, in cooperation with the Notice and Claims

Administrator. The forms may be amended prior to the time of mailing if the parties agree and if the settlement administrator believes the amendments are necessary to make the forms understandable.

6. The Court approves the Notice Plan as described in the Settlement Agreement and the Unopposed Motion for Preliminary Approval as the best means practicable of providing notice under the circumstances. The Court hereby directs that Notice be provided in accordance with the Settlement Agreement. The Notice will list as the objection and exclusion (opt-out) deadline the date of **August 1, 2008** and as the Claim Form filing deadline the date of **September 1, 2008**. To be timely, objections, exclusion requests, and Claim forms must be post-marked and mailed by the above-listed deadlines. The final fairness hearing is scheduled for **September 26, 2008 at 3:00 p.m.** in Courtroom A901 of the United States Courthouse located at 901 19th Street, Denver, Colorado.

7. Any Class Member who files and serves a written objection to the Settlement Agreement may appear at the final fairness hearing, either in person or through counsel hired at the Class Member's expense. If a Class Member (or his or her attorney) wishes to appear and speak at the final hearing, the Class Member (or his or her attorney) must, no later than **September 12, 2008**: (1) file an original Notice of Intention to Appear with the Clerk of the Court, and (2) deliver to Class Counsel and the Defendant's counsel a copy of the Notice of Intention to Appear.

8. The Notice by mail set forth in the Settlement Agreement is supplemented, as indicated in the Settlement Agreement, by publication of Notice on the Internet, as well as by the establishment by the Notice and Claims Administrator of a toll-free telephone number. All of the foregoing Notice by mail, Internet, and toll-free telephone number satisfies due process and all requirements of Federal law, and constitutes the best practical notice under the circumstances

of the case. The Notice Plan is approved and its implementation, pursuant to the Settlement Agreement, is hereby ordered.

9. The Court hereby certifies this action as a collective action on an opt-in basis for the purposes of Plaintiffs' alleged FLSA claims. All sworn uniformed officers, employed by the City of Colorado Springs, holding the rank of sergeant or below who have performed one or more of the uniformed patrol and/or uniformed patrol support activities identified in the Settlement Agreement as Covered Assignments in the six years prior to June 8, 2007 shall be made part of the collective action if they opt in by submitting a timely claim form.

10. The Court hereby certifies the following Settlement Class on a voluntary (*i.e.,* opt-out) basis: all sworn uniformed officers, employed by the City of Colorado Springs, holding the rank of sergeant or below who have performed one or more of the uniformed patrol and/or uniformed patrol support activities identified in the Settlement Agreement as Covered Assignments in the six years prior to June 8, 2007.

11. The Court appoints the following Class Counsel to represent the Class Members in this litigation: Scott W. Johnson and Paul W. Hurcomb, Sparks Willson Borges Brandt & Johnson, P.C. In appointing Class Counsel, the Court considered the work counsel has done in investigating and prosecuting the underlying claims, as well as counsel's experience in handling complex litigation, counsel's knowledge of the applicable law, and counsel's ability to commit the resources necessary to adequately represent the Class.

12. Alexander L. Trujillo, David Henrichsen, Gilbert Lucero, Alan Roman, Colby Doolittle, Otto Knollhoff and Matt Martin are hereby appointed as the Settlement Class Representatives.

13. The Notice and Claims Administrator shall be Class Action Administration, Inc.

14. If the Settlement Agreement does not become effective in accordance with the

Settlement Agreement, or if the Settlement Agreement is not finally approved or is canceled, terminated or fails to become effective for any reason, this Order shall be rendered null and void and shall be vacated.

      **IT IS SO ORDERED AND ADJUDGED** this 21st day of April, 2008.

      **BY THE COURT:**

      */s/ Marcia S. Krieger*
      _____

      Marcia S. Krieger
      United States District Judge